# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Michael Charles Pilot,

                Plaintiff,        Case No. 17-11854

v.                                      Judith E. Levy
                                            United States District Judge

Mark A. Goldsmith, The United
States District Court for the        Mag. Judge Anthony P. Patti
Eastern District of Michigan,
Donald J. Trump, Jefferson B.
Sessions, Channing D. Phillips,
and Jeffrey B. Wall,

                Defendants.

_____/

## OPINION AND ORDER CONSTRUING THE PLEADING AS A *BIVENS* ACTION AND DISMISSING THE COMPLAINT

### I. Introduction

On May 17, 2017, Michael Charles Pilot ("Pilot"), a private citizen from Warren, Michigan, filed a *pro se* pleading in the United States District Court for the District of Columbia. He labeled his pleading an application for the writ of habeas corpus, but he also requested declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. And even though the filing fee for a habeas petition is $5.00, Pilot paid

the $400.00 filing fee for a civil complaint. Pilot named the following parties as defendants or respondents: United States District Judge Mark A. Goldsmith; the United States District Court for the Eastern District of Michigan; Donald J. Trump; United States Attorney General Jeff Sessions; United States Attorney Channing D. Phillips of the District of Columbia; and United States Solicitor General Jeffrey B. Wall.

On May 23, 2017, United States District Judge Colleen Kollar-Kotelly of the District of Columbia denied the habeas petition because Pilot had not satisfied the custody requirement for obtaining habeas relief. Judge Kollar-Kotelly then transferred the remainder of the case to this District. On June 12, 2017, the case was received in this Court and treated by the Clerk's Office as a habeas petition.

**II. Legal Framework**

As noted in the previous paragraph, Judge Kollar-Kotelly dismissed the habeas portion of Pilot's pleading, and because all the individuals being sued here are federal officials, the Court construes Pilot's pleading as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

*Bivens* "is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). The same legal principles apply to cases brought under *Bivens* and under § 1983,

> except for the requirement of federal action under *Bivens* and state action under § 1983. A plaintiff must prove two elements to prevail on either type of claim: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Bivens*, 403 U.S. at 392, 91 S.Ct. 1999; *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

*Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations and footnote omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

3

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

#### A. Judge Goldsmith's Rulings

The basis for Pilot's complaint is Judge Goldsmith's rulings in two prior cases that Pilot filed. *See* Compl., Exs. A-H. In the first case, Pilot attempted to remove a case from state court to federal court. The state court case was an action brought by the City of Hazel Park, Michigan against Pilot for an alleged violation of a municipal ordinance. Judge Goldsmith remanded the case to the state court because Pilot had failed to establish that the federal district court had subject-matter jurisdiction over the matter. *See 43rd Judicial District Court, et al. v. Michael C. Pilot*, No. 16-cv-13682 (E.D. Mich. Jan. 12, 2017). Pilot appealed Judge Goldsmith's ruling, but the United States Court of Appeals for the Sixth Circuit dismissed the appeal because a remand order based on lack of subject-matter jurisdiction is immune from

4

review. *See 43rd District Court for the State of Michigan, et al. v. Pilot,* No. 17-1164 (6th Cir. Mar. 21, 2017).

In a second case, Pilot filed what appeared to be a civil complaint as a habeas corpus petition. Judge Goldsmith initially directed the Clerk's Office to change the nature of the suit to a civil rights action and to change the parties' designations because Pilot was not in custody. *See Pilot v. 43rd Judicial District Court, et al.,* No. 16-cv-14382 (E.D. Mich. Jan. 13, 2017). Judge Goldsmith subsequently ordered Pilot to pay the filing fee for his complaint or to submit an application to proceed *in forma pauperis.* Pilot then paid the filing fee, but he objected to the conversion of his habeas petition to a civil complaint. Before the matter was resolved, Pilot filed this action.[1]

Pilot's attempt to hold Judge Goldsmith liable for his rulings in case numbers 16-13682 and 16-14382 is frivolous because judges traditionally enjoy immunity from a suit for money damages. *Mireles v.*

---

[1] Judge Goldsmith ultimately reclassified Pilot's pleading from a civil rights action back to a habeas action and ordered the Clerk's Office to refund the filing fee that Pilot had paid. In the same order, Judge Goldsmith dismissed the habeas petition with prejudice because Pilot was not in custody. *See Pilot,* No. 16-cv-14382 (E.D. Mich. Aug. 18, 2017).

*Waco*, 502 U.S. 9, 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages," *id.* at 11, and it

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* at 11-12 (internal and end citations omitted).

Judge Goldsmith obviously made his rulings in case numbers 16-13682 and 16-14382 in his judicial capacity, and he did not act in the complete absence of all jurisdiction when he adjudicated the cases. Consequently, Judge Goldsmith is immune from suit, including Pilot's request for injunctive relief. *See Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (stating that "[a]bsolute immunity in *Bivens* actions against federal judges has . . . been extended to requests for injunctive relief") (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)).

## B. The United States District Court and Trump

Pilot has sued the United States District Court for the Eastern District of Michigan, but courts are not "persons" for purposes of civil rights actions. *See Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (noting that a state court is not a "person," as that term is used in 42

6

U.S.C. § 1983). Thus, the District Court is not a proper party to this action.

Pilot attempts to hold the President of the United States liable on the ground that the President can remove Judge Goldsmith from the federal bench. But Pilot's assumption that the President can remove Judge Goldsmith from office is incorrect. Federal judges can be removed from office only by impeachment by Congress. *United States v. Claiborne*, 727 F.2d 842, 846 (9th Cir. 1984). Consequently, Donald J. Trump is dismissed from this action.

### C. Defendants Sessions, Phillips, and Wall

The remaining defendants (United States Attorney General Jeff Sessions, United States Attorney Channing D. Phillips, and Solicitor General Jeffrey B. Wall) are members of the Executive Branch of Government. They had no involvement in Pilot's prior cases, and they have not intervened in this case. The Court therefore dismisses Attorney General Sessions, United States Attorney Phillips, and Solicitor General Wall from this action.

### IV. Conclusion

Pilot has failed to show that the defendants deprived him of a constitutional right. Additionally, the United States District Court is not a "person," and Judge Goldsmith enjoys immunity from suit. Therefore, Plaintiff has not stated a plausible claim for which relief may be granted.

Accordingly, the civil complaint is DISMISSED WITH PREJUDICE. It is further ordered that an appeal from this order would be frivolous and could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 27, 2017           s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2017.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager